1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  PETER J. KEITH, State Bar #206482
   Chief of Special Litigation
4  AARON I. WIENER, State Bar #347169
   JOSE A. ZELIDON-ZEPEDA, State Bar #227108
5  Deputy City Attorneys
   Fox Plaza
6  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
7  Telephone:    (415) 554-3908 [Keith]
   Telephone:    (415) 554-3952 [Wiener]
8  Telephone:    (415) 355-3312 [Zelidon-Zepeda]
   Facsimile:    (415) 554-3837
9  E-Mail:       peter.keith@sfcityatty.org
   E-Mail:       aaron.wiener@sfcityatty.org
10 E-Mail:       jose.zelidon-zepeda@sfcityatty.org

11 Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO (including
12 its SAN FRANCISCO POLICE DEPARTMENT),
   ARTHUR GERRANS, JAMES CROWLEY, AND
13 NICHOLAS J. RUBINO

14

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17 JOAQUIN CIRIA,                        Case No. 22-cv-07510 KAW (JCS)

18        Plaintiff,                     [PROPOSED] ORDER ON DEFENDANTS'
                                         OBJECTIONS TO PLAINTIFF'S EVIDENCE
19        vs.                            ON DEFENDANTS' MOTION FOR
                                         SUMMARY JUDGMENT
20 CITY AND COUNTY OF SAN
   FRANCISCO; SAN FRANCISCO POLICE       AS MODIFIED
21 DEPARTMENT; ARTHUR GERRANS;
   JAMES CROWLEY; NICOLAS J. RUBINO;     Dkt. No. 101
22 AND DOES 1-20, INCLUSIVE,
                                         Hearing Date:   May 2, 2024
23        Defendants.                    Time:           1:30 p.m.
                                         Place:          ZOOM
24                                       Judge:          Hon. Kandis A. Westmore

25                                       Trial Date:     July 1, 2024

26

27

28
   Order on Defs. Objections to Plf. Evidence        1    \\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
   Case No. 22-cv-07510 KAW (JCS)                         _ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
                                                          order_re_defs_obj_to_evid_dkt101.docx

Upon review of Defendants' formal objections, and Plaintiff's response, the Court rules as follows:

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **1. ECF No. 90-1** (Yojana Paiz's 4/19/90 statement to the inspectors) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **2. ECF No. 90-2** (Marina Flores' 4/19/90 statement to the inspectors) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **3. ECF No. 89-28** (Yojana Paiz's 2024 deposition) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **4. ECF No. 89-22** (Kathleen Guevara's 4/26/1990 statement to the inspectors) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **5. ECF No. 89-23** (Kenneth Duff's 5/1/1990 statement to the inspectors) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **6. ECF No. 89-24** (1991 trial testimony of Kenneth Duff and Kathleen Guevara) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **7. ECF No. 89-2** (Lazaro Reyes's 2024 declaration, ¶¶ 2-7) | F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged) | OVERRULED |
| **8. ECF No. 89-29** (Marina Flores' 2024 deposition) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged)<br><br>b. F.R.E. 901 (authenticity - uncertified rough transcript) | OVERRULED on the grounds that Plaintiff corrected this exhibit. |

Order on Defs. Objections to Plf. Evidence
Case No. 22-cv-07510 KAW (JCS)

2

\\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
_ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
order_re_defs_obj_to_evid_dkt101.docx

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **9. ECF No. 90-21** (transcript of 1/23/1991 defense counsel interview of Roberto Hernandez) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged)<br><br>b. F.R.E. 801 (hearsay) | SUSTAINED |
| **10. ECF No. 90-15** (Roberto Socorro's 2020 declaration) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged)<br><br>b. F.R.E. 801 (hearsay – declaration was executed in Cuba but not under penalty of perjury under "the laws of the United States of America" as required by 28 U.S.C. § 1746(1)) | SUSTAINED |
| **11. ECF No. 89-1** (Elyzobeida Vecino's 2024 declaration) | a. F.R.C.P. 37(c)(1) (witness was never disclosed per Rule 26), as to entire declaration<br><br>b. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged), as to ¶¶ 2-4, 6, 8-10<br><br>c. F.R.E. 801 & F.R.E. 602 (hearsay and lack of personal knowledge), as to ¶¶ 6, 8-10 | SUSTAINED |
| **12. ECF No. 90-24** (Randy Montesano's 2020 declaration) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged)<br><br>b. F.R.E. 602 (lack of personal knowledge), as to whether George Varela was a drug addict in April 1990 | SUSTAINED |

Order on Defs. Objections to Plf. Evidence
Case No. 22-cv-07510 KAW (JCS)

3

\\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
_ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
order_re_defs_obj_to_evid_dkt101.docx

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **13. ECF No. 88-4** (SFDA Innocence Commission Report, 2021) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged)<br><br>b. F.R.E. 801 (hearsay)<br><br>c. F.R.C.P. 56(c)(3); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.") (quotations and brackets omitted); F.R.E. 403 (fairness, time), as to the remainder of the voluminous report that was not discussed in Plaintiff's Opposition | SUSTAINED |
| **14. ECF No. 89-11** (Dr. Dysart's 2024 expert report) | a. F.R.E. 401 (relevance – information not known to inspectors at time Plaintiff was charged; expert opinions concern reliability of eyewitness identifications at the 1991 trial; opinion based on post-1990 research not known to inspectors)<br><br>b. F.R.E. 702 (Dr. Dysart lacks expertise in 1990 police practices)<br><br>c. F.R.C.P. 56(c)(3); *Keenan*, 91 F.3d at 1279; F.R.E. 403 (fairness, time), as to the remainder of the voluminous report that was not discussed in Plaintiff's Opposition | SUSTAINED |
| **15. ECF No. 90-27** (Kristina Martin's 2024 deposition) | F.R.E. 901 (authenticity - uncertified rough transcript) | OVERRULED on the grounds that Plaintiff corrected this exhibit. |
| **16. ECF No. 89-20** (Pleading filed in *Cole v. City of Los Angeles*) | F.R.E. 801 (hearsay) | SUSTAINED |
| **17. ECF No. 90-3** (Pleading filed in *Cole v. City of Los Angeles*) | F.R.E. 801 (hearsay) | SUSTAINED |

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **18. ECF No. 90-13** (Denise Corretjer's 2020 declaration) | a. F.R.E. 801 (hearsay), F.R.E. 804(b)(3) does not apply because Plaintiff has not established George Varela's unavailability<br><br>b. Even if George Varela were unavailable, any non-self-inculpatory statements from Varela about the inspectors or any reasons for lying, are not admissible under F.R.E. 804(b)(3) | OVERRULED |
| **19. ECF No. 90-14** (Caridad Gonzales' 2020 declaration) | a. F.R.E. 801 (hearsay); F.R.E. 804(b)(3) does not apply because Plaintiff has not established George Varela's unavailability<br><br>b. Even if George Varela were unavailable, any non-self-inculpatory statements from Varela about the inspectors or any reasons for lying, are not admissible under F.R.E. 804(b)(3) | OVERRULED |
| **20. ECF No. 89-8** (Dr. Leo's 2024 expert report) | a. F.R.E. 702 (expert opinion – unreliable)<br><br>b. F.R.E. 702; *U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (expert opinion – not permitted on legal issues, state of mind, or to characterize evidence)<br><br>c. F.R.C.P. 56(c)(3); *Keenan*, 91 F.3d at 1279; F.R.E. 403 (fairness, time), as to the remainder of the voluminous report that was not discussed in Plaintiff's Opposition | SUSTAINED |

Order on Defs. Objections to Plf. Evidence
Case No. 22-cv-07510 KAW (JCS)

5

\\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
_ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
order_re_defs_obj_to_evid_dkt101.docx

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **21. ECF No. 89-9** (Dr. Leo's 2024 rebuttal expert report) | a. F.R.E. 702 (expert opinion – unreliable)<br><br>b. F.R.E. 702 (expert opinion – not permitted on legal issues, state of mind, or to characterize evidence)<br><br>c. F.R.C.P. 56(c)(3); *Keenan*, 91 F.3d at 1279; F.R.E. 403 (fairness, time); the Opposition does not discuss any of this voluminous rebuttal report<br><br>d. F.R.C.P. 26(a)(2)(D)(ii); *Truckstop.Net, L.L.C. v. Sprint Commc'ns Co.*, 537 F. Supp. 2d 1126, 1133 (D. Idaho 2008) (rebuttal report should be excluded where moving party did not rely on expert being rebutted) | SUSTAINED |
| **22. ECF No. 90-29** (Manuel "Manolo" Alvarez's 2014 declaration) | FRE 801 (hearsay – witness is deceased and cannot testify at trial) | SUSTAINED |
| **23. ECF No. 90-28** (Eucebio Maceo's 2004 declaration) | a. F.R.C.P. 37(c)(1) (witness was never disclosed per Rule 26)<br><br>b. F.R.E. 401 (relevance – witness never spoke with police or heard any of their questions)<br><br>c. F.R.E. 801 (hearsay), as to ¶ 9 | SUSTAINED |
| **24. ECF No. 89-5** (Adam Bercovici's 2024 expert report) | a. F.R.E. 702(b) (expert opinion regarding inspectors' duty to disclose exculpatory evidence has no factual basis, because Alvarez's declaration, ECF No. 90-29, is inadmissible)<br><br>b. F.R.E. 702 (expert opinion – not permitted on legal issues)<br><br>c. F.R.C.P. 56(c)(3); *Keenan*, 91 F.3d at 1279; F.R.E. 403 (fairness, time), as to the remainder of the voluminous report that was not discussed in Plaintiff's Opposition | SUSTAINED |

Order on Defs. Objections to Plf. Evidence
Case No. 22-cv-07510 KAW (JCS)

6

\\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
_ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
order_re_defs_obj_to_evid_dkt101.docx

| Evidence | Basis for Objection | Ruling |
|---|---|---|
| **25. ECF No. 89-6** (Adam Bercovici's 2024 rebuttal expert report) | a. F.R.E. 702(b) (expert opinion regarding inspectors' duty to disclose exculpatory evidence has no factual basis, because Alvarez's declaration, ECF No. 90-29, is inadmissible)<br><br>b. F.R.E. 702 (expert opinion – not permitted on legal issues)<br><br>c. F.R.C.P. 56(c)(3); *Keenan*, 91 F.3d at 1279; F.R.E. 403 (fairness, time); the Opposition does not discuss any of this voluminous rebuttal report<br><br>d. F.R.C.P. 26(a)(2)(D)(ii); *Truckstop.Net, L.L.C.*, 537 F. Supp. 2d at 1133 (rebuttal report should be excluded where moving party did not rely on expert being rebutted) | SUSTAINED |

IT IS SO ORDERED.


Dated:  May 21, 2024            By: _____

KANDIS A. WESTMORE
United States Magistrate Judge

Order on Defs. Objections to Plf. Evidence
Case No. 22-cv-07510 KAW (JCS)            7            \\candoak.cand.circ9.dcn\data\users\kawall\_cv\2022\2022_07510
_ciria_v_city_and_county_of_san_francisco\22-cv-07510-kaw-
order_re_defs_obj_to_evid_dkt101.docx